IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-01962-CMA-CBS

THE HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff,

v.

TK CONSTRUCTION US, LLC;
TK MINING SERVICES, LLC and affiliates;
TK CONSTRUCTION, LLC d/b/a TK MINING SERVICES, LLC;
TK DIVERSIFIED SERVICES, LLC f/k/a UNLIMITED MANPOWER SOLUTIONS, LLC;
TK HOLDINGS LTD and all subsidiaries, including, but not limited to: (TK INDUSTRIAL, LLC and TK BLASTING, LLC);
MOUNTAIN VALLEY HYDROSEED, LLC;
AMY L. FISCHER;
NATHAN A. MILLER,

    Defendants.

## ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT ORDERS

This matter is before the Court on the Motion to Set Aside the Clerk's Entry of Default Orders filed by Defendants Amy L. Fisher, Mountain Valley Hydroseed, LLC ("MVH"), and TK Construction U.S., LLC ("TKCUS") (collectively, the "Default Defendants"). (Doc. # 45.)  Because good cause exists to justify setting aside the entry of default orders as to the Default Defendants, the Court grants the Motion.

### I.    PROCEDURAL BACKGROUND

On September 9, 2015, Plaintiff filed a complaint against Defendants, asserting claims for breach of contract and common law indemnification and seeking injunctive

relief. (Doc. # 1.) Plaintiff served Defendants with the complaint on September 15, 2015. (Docs. ## 15–22.) Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendants' answer or response to the complaint was due on October 6, 2015, which is 21 days after the complaint was served upon them. On October 7, 2015, Plaintiff filed Motions for Entry of Default against Defendants Amy L. Fisher (Doc. # 26), MVH (Doc. # 27), and TKCUS (Doc. # 28), asserting that the Default Defendants had failed to answer within the appropriate time.[1] Also on October 7, 2015, Wendy Jordan Earle entered her appearance on behalf of the Default Defendants. (Docs. ## 29–31.) On October 8, 2015, the Clerk issued an entry of default as to the Default Defendants. (Docs. ## 32; 33; 37.) On the same day, Plaintiff filed Motions for Default Judgment against the Default Defendants (Docs. ## 35; 36; 38), and the Default Defendants filed a Response to the Motions (Doc. # 39), which Plaintiff replied to on October 22, 2015 (Doc. # 44). On October 9, 2015, the Default Defendants filed a Motion for Extension of Time to Answer the Complaint. (Doc. # 40.)

On October 16, 2015, Magistrate Judge Shaffer ordered that the deadlines for the Default Defendants to answer or otherwise respond to Plaintiff's complaint were stayed and that their Motion for Extension of Time to Answer the Complaint was terminated. (Doc. # 42.) On the same day, Plaintiff filed a Motion for Entry of Default as to Defendant Nathan A. Miller and on October 19, 2015, the Clerk filed an entry of default as to Mr. Miller. (Docs. ## 41; 43.) Plaintiff has not filed a Motion for Default Judgment as to Mr. Miller.

---

[1] On October 8, 2015, Plaintiff filed another Motion for Entry of Default Judgment against TKCUS, which is identical to Doc. # 28. (Doc. # 34.)

On October 23, 2015, the Default Defendants filed a Motion to Set Aside the Clerk's Entry of Default orders against them (Doc. # 45), to which Plaintiff responded on November 11, 2015 (Doc. # 52). The Default Defendants did not file a reply. On October 27, 2015, because consent to jurisdiction of a magistrate judge was not achieved by the parties, the case was reassigned to this Court. (Doc. # 48.)

The next day, on October 28, 2015, Defendants TK Mining Services, LLC and associates; TK Construction, LLC d/b/a TK Mining Services, LLC; TK Diversified Services, LLC f/k/a Unlimited Manpower Solutions, LLC; and TK Holdings LTD and all subsidiaries, including, but not limited to: TK Industrial, LLC and TK Blasting, LLC, (collectively, the "TK Defendants") filed a Motion for Extension of Time to File a Response to the Motions for Default Judgment as to the Default Defendants (Doc. # 49), to which Plaintiff responded on November 18, 2015 (Doc. # 60), and the TK Defendants replied on November 30, 2015 (Doc. # 64).

## II. LAW AND ANALYSIS

As an initial matter, default judgments are disfavored by courts. *Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1997). Under Rule 55(c),[2] this Court may set aside an entry of default for "good cause." *See Stjernholm v. Peterson*, 83 F.3d

---

[2] The Default Defendants request that the Court set aside the clerk's entry of default orders against them pursuant to Rule 60(b)(1). However, Rule 60(b) governs motions to set aside a final default judgment while Rule 55(c) governs motions to set aside an entry of default. Fed. R. Civ. P. 55(c); *see also Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 796–97 (10th Cir. 2008). Rule 55 envisions a two-step process for obtaining a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, following an entry of default by the clerk, "the party entitled to a judgment by default shall apply to the court therefor." *Williams v. Smithson*, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing Fed. R. Civ. P. 55(b)(2)).

347, 349 n.1 (10th Cir. 1996). In determining whether good cause exists under Rule 55(c), courts have considered factors relating to the defendant's willfulness or degree of culpability, the prejudice to the plaintiff, and whether the defendant has a meritorious defense. *Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995). These factors are not "talismanic," however, and the court may consider other factors as well. *Id.* The good cause standard under Rule 55(c) is less onerous than the standard required to set aside a default judgment under Rule 60(b). *Dennis Garberg & Assocs., Inc., v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). The decision whether to set aside a clerk's default under Rule 55(c) rests within the discretion of the trial court. *Stjernholm*, 83 F.3d at 349 n.1; *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

In the instant case, the Default Defendants' explanation regarding the failure to timely respond to Plaintiff's complaint is that Ms. Fisher, who is a member/manager and registered agent of MVH and TKCUS, "sought professional legal advice concerning dischargeability of debts in bankruptcy." (Doc. # 45.) Ms. Fisher's bankruptcy attorney informed her that a bankruptcy proceeding would stay the litigation, but recommended that she find new counsel for her case because the bankruptcy attorney was getting ready to retire. (Doc. # 45-1 at 3.) On August 24, 2015, Ms. Fisher consulted with "another bankruptcy firm," whose attorneys advised Ms. Fisher that they saw no reason to respond to the allegations set forth in Plaintiff's complaint, but to proceed with gathering the documentation needed to move forward with a bankruptcy proceeding. (*Id.*) Following this meeting with the bankruptcy attorneys, Ms. Fisher spent "some

4

time" gathering the required documents for a bankruptcy proceeding. (*Id.*) On October 6, 2015, Ms. Fisher "met for the first time in person for a consultation with both of [her] bankruptcy attorneys [and] was once again advised that on the face of the Harford Insurance Complaint[,] fraud had not been alleged, the debt was thus dischargeable[,] and there was no reason to respond or appear in any way." (*Id.* at 4.) On October 7, 2015, Ms. Fisher contacted Wendy Earle for a second opinion. (*Id.*) After meeting with Ms. Earle, Ms. Fisher stated that she:

> received conflicting advice from [Ms. Earle] concerning certain issues or claims which might arise at a later time. [She] also was advised that on newly obtained evidence it would be in [her] best interests to enter an appearance [in the instant case] for no other reason than to reserve the right to file claims against third parties who might be found jointly and severally liable for injuries arising out of the facts of this lawsuit.

(*Id.*) Pursuant to Ms. Earle's advice, Ms. Fisher "authorized Ms. Earle to enter formal appearances," which she did immediately. (*Id.*)

Because there is no prejudice to the Plaintiff, and the Court's preferred disposition of any case is upon its merits and not by default judgment, good cause exists to set aside the entry of default orders as to the Default Defendants. Significantly, the delay occurred very early in this case, and there has been no suggestion that discovery or any other deadlines have been affected. Additionally, while the Court agrees with Plaintiff that Ms. Fisher's reason for her failure to file a timely answer is not especially compelling, it does not appear that Ms. Fisher acted in bad faith or without excuse. *See Hunt*, 1995 WL 523646 at *3; *see also United States v. Signed Pers. Check No. 730*, 615 F.3d 1085, 1092 (9th Cir. 2010) ("[T]the term 'intentionally' means that a movant cannot be treated as culpable simply for having

5

made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'").  With respect to the third factor, the Defaulting Defendants argue that they "seek to respond and defend on the merits for no other reason than to reserve the right to file claims against third parties who might be found liable for injuries arising out of the facts surrounding this lawsuit."  Asserting third-party claims is not a meritorious defense to **Plaintiff's** claims in this case.  *See Holcim (US) Inc. v. Limerock Materials, LLC*, No. 11-cv-00686, 2012 WL 4442757, at *4 (D. Colo. Sept. 26, 2012) (asserting third-party claims does not constitute a meritorious defense to the plaintiff's claims); *Broad. Music, Inc. v. Downtown Indy Enterprises, Inc.*, No. 1:09-cv-1276, 2010 WL 680353, at *1 (S.D. Ind. Feb. 19, 2010) (defendants failed to demonstrate that they have a meritorious defense because they have not done anything more than assert that they "believe that they have a meritorious defense to all issues decided by default by the Court including but not limited to potential third-party claims").  Nevertheless, the Court is inclined to give the Default Defendants another opportunity to demonstrate that they have a meritorious defense in this case, in light of the Court's preference for deciding cases on the merits.

      Accordingly, the Court concludes in its discretion that, in light of the lack of prejudice to Plaintiff, the early stage of the case, and the preference for deciding cases on their merits, good cause exists to justify setting aside the entry of default orders as to the Default Defendants in the interests of justice.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS that the Motion to Set Aside the Clerk's Entry of Default Orders (Doc. # 45) is GRANTED. It is

FURTHER ORDERED that the Motion for Default Judgment as to Mountain Valley Hydroseed, LLC (Doc. # 35) is DENIED. It is

FURTHER ORDERED that the Motion for Default Judgment as to Amy L. Fisher (Doc. # 36) is DENIED. It is

FURTHER ORDERED that the Motion for Default Judgment as to TK Construction US, LLC (Doc. # 38) is DENIED. It is

FURTHER ORDERED that the Motion for Extension of Time to File Response/Reply as to Docs. ## 35, 36, and 38 (Doc. # 49) is DENIED AS MOOT.

DATED: December 9, 2015

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge