# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

CIVIL ACTION No.: 1:15-cv-01962-CMA-CBS

HARTFORD FIRE INSURANCE COMPANY,

        Plaintiff,

v.

TK CONSTRUCTION US, LLC;
TK MINING SERVICES, LLC and affiliates;
TK CONSTRUCTION, LLC dba TK MINING SERVICES, LLC;
TK DIVERSIFIED SERVICES, LLC fka UNLIMITED MANPOWER SOLUTIONS, LLC;
TK HOLDINGS LTD and all subsidiaries, including, but not limited to: (TK INDUSTRIAL, LLC and TK BLASTING, LLC);
MOUNTAIN VALLEY HYDROSEED, LLC;
AMY L. FISCHER;
NATHAN A. MILLER.

        Defendants.

## STIPULATED PROTECTIVE ORDER

This matter, having come before the Court on the written stipulation of the parties, by and through their respective counsel, and the foregoing parties having consented and agreed to the making and entry of this Order:

IT IS HEREBY ORDERED as follows:

1. Any document, interrogatory answer, deposition testimony, or other information obtained, either in hard copy, electronically, or otherwise, through discovery in the litigation of this case, or any portion thereof, may be designated as confidential by any party if such party, after review by an attorney, asserts that the information and/or documents constitutes, includes or discloses: (1) trade secret information (which is information not generally available to the public

at large that has independent economic value as a result of not being publicly known in that it would be useful to a competitor), or (2) other confidential information that is commercially or competitively sensitive, proprietary and non-public, or (3) sensitive, non-public personal information concerning individuals, or (4) employee and/or personnel information or records, or (5) tax returns, financial statements and/or financial information (any of the foregoing may be designated as "Protected Material").

2. Protected Material may be designated as confidential under this Order by use of the designation CONFIDENTIAL. With respect to documents, the designating party shall place the word above, or similar language, clearly on each such page or portion of the Protected Material designated for protection. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are exchanged or produced.

3. Inadvertent failure to designate Protected Material as Confidential at the time of production may be remedied if, within forty-five (45) days after such Protected Material was produced without a "Confidential" stamp, the producing party notifies all parties that such Protected Material had previously been produced without a "Confidential" stamp. If Protected Material which was inadvertently produced without a "Confidential" stamp is introduced as an exhibit during a hearing, the producing party must object at that hearing to the introduction of that Protected Material without a "Confidential" stamp, or otherwise that objection shall be waived. If Protected Material which was inadvertently produced without a "Confidential" stamp is introduced as an exhibit during a deposition, the producing party must object either orally at the deposition or in writing no later than thirty days after the date on which the transcript is available from the court reporter for distribution to counsel, or otherwise that objection shall be waived. The producing

party shall stamp such newly designated material as "Confidential". All parties shall return to the party, or destroy, any unstamped copies of such Protected Material upon receipt of such Protected Material bearing the "Confidential" stamp, provided, however, that the foregoing provision shall not apply to any documents that had already been filed with the Court or had otherwise become publicly available.

4. Protected Material classified under paragraph 2 above ("CONFIDENTIAL" material) may be disclosed only to the following persons ("Qualified Persons"), and only under the conditions set forth below (in ¶ 5), except upon the prior written consent of the designating party:

    a. The Court.

    b. Attorneys representing the parties, including in-house counsel, and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action.

    c. Bona fide consultants and experts retained by the parties and/or by the attorneys for the parties, to the extent necessary for the conduct of this action.

    d. Outside vendors, such as court reporters, duplicating services and translation services, to the extent necessary for the prosecution or defense of this action.

    e. Deponents noticed by the parties, to the extent necessary for the conduct of this action, the court reporters at such depositions, as well as any other witnesses, whether deposed or not.

    f. The parties or their officers, directors and employees.

5. Before any Qualified Person in possession of Protected Material (a "disclosing person," for purposes of this paragraph) shows or discloses such Protected Material to a person described in paragraph 4(c), 4(d), 4(e), or 4(f) (a "receiving person" for purposes of this paragraph), the disclosing person shall provide to the receiving person a copy of this Order and

3

shall require the receiving person to read the Order and execute (sign and date) a copy of Exhibit "A" – Consent to Terms of Protective Order.

6. Inadvertent production or disclosure of any Protected Material in this action as to which a producing party claims a privilege, or Protected Material as to which a party claims is governed by the work-product doctrine ("Privileged Material"), will not be deemed to be a waiver of those protections. If a producing party believes that Privileged Material was inadvertently produced, the producing party shall so notify all parties in writing and state the basis for the claim of privilege or work-product protection. After receiving notice of the inadvertent production, a receiving party must promptly return, sequester or destroy the inadvertently produced Privileged Material and any copies it has and may not use or disclose the Privileged Material or information contained therein until the claim is resolved. A receiving party may promptly present the information to the Court under seal for a determination of the claim. If the receiving party disclosed the Privileged Material before being notified of the inadvertent production, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved. Nothing in this paragraph will modify any obligation a party otherwise has with respect to inadvertent production under the law or the ethical rules.

7. To designate Protected Material produced by another person as Confidential, prompt written notice shall be provided to that other person of the Protected Material that should have been designated as Confidential, and that person, as well as all parties that received the unstamped Protected Material, shall then follow the steps set forth above in paragraph 3 with respect to the treatment of Protected Material that was inadvertently not designated as Confidential.

4

8. Protected Material produced or exchanged in the course of this litigation shall not be used for any purpose other than preparation for trial and any pre-trial or post-trial proceeding in this action.

9. Any Protected Material filed with the Court shall be filed under seal and shall remain under seal until further Order by the Court. Where possible, only portions of the filing with the Court constituting Protected Material shall be filed under seal. The party filing any Protected Material shall be responsible for informing the Court that the filing should be sealed and for placing legend "TO BE FILED UNDER SEAL PURSUANT TO AGREEMENT" next to the caption and/or pursuant to and as specified the Local Rules for the District of Colorado. As an alternative to filing under seal, if permitted by the Court, the parties may submit Protected Material for in camera review by the Court.

10. Counsel and all other Qualified Persons receiving or reviewing Protected Material shall treat any document they created that incorporated Protected Material – including any summary, compilation, notes, copy, electronic images, handwritten notes, correspondence or database containing Protected Material and/or information designated as "Confidential"– as a derivative copy of the Protected Material. All such derivative copies shall be treated just as the Protected Material.

11. A party shall not be obligated to challenge the propriety of a designation under paragraph 2 at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. However, all such objections to the designation of any Protected Material shall be made at or before the final pretrial conference. Any party may request in writing to the party who produced Protected Material that the designation be modified or withdrawn. If the designating

party does not agree to re-designation within 10 days of receipt of the written request, the requesting party may apply to the Court for relief. Upon any such application to the Court for relief, the burden shall be on the designating party to show why its classification is proper. All interested parties will make best efforts to resolve such disagreements as to confidentiality before submitting them to the Court. Agreement of the parties to this Order shall not be construed as an agreement or admission by one party that any designation under paragraph 2 by the other party is in any way proper or correct.

12. Thirty days after termination of this action, including any appeals, documents and other tangible items containing Protected Material, including all copies, notes and other materials containing or referring to information derived therefrom, shall be returned to the party which produced it or destroyed, and all persons who possessed such material shall verify, to the best of their knowledge, by affidavit furnished to the producing party, the return or destruction. It is provided, however, that a party shall be obligated to return or destroy Protected Material contained in an archived computer system backup in accordance with the party's computer back-up, security or disaster recovery procedures. The provisions of this paragraph shall not apply to any Protected Material filed with the Court. Rather, any Protected Material filed with the Court shall be disposed of pursuant to the parties' stipulation and/or order of the Court.

13. If the Protected Material defined by this Order is in any manner referenced or utilized in the course of a deposition, counsel for the parties shall be given opportunity to indicate on the record at the deposition, or in writing within 3 days after receipt of the transcript of such deposition, that the testimony contains Protected Material and is subject to the provisions of this Order.

14. Prior to any deposition or segment of a deposition wherein either party intends on discussing or utilizing in any manner the Protected Material defined herein, the court reporter taking such deposition shall be provided with a copy of the Order and shall execute a Consent to Terms of Protective Order in the form of Exhibit "A" attached hereto. All such depositions shall be conducted in private, with only Qualified Persons in attendance.

15. Except as set forth in paragraph 10, the restrictions embodied in this Order shall be binding upon the party to whom such Protected Material is produced unless and until the Court rules otherwise based upon a showing by that party that:

    a. The Protected Material, in the form produced, was or becomes public knowledge absent a breach of the restrictions of this Order; or

    b. The Protected Material, in the form produced, was already made known to that party through a third party who himself has not breached any obligation of confidentiality in doing so.

16. Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or Court order, further, greater or lesser protection with respect to the use of any Protected Material in connection with the prosecution or defense of this action. Nothing herein shall be construed to limit in any way any producing party's use of its own Protected Material.

17. If a party (the "Disclosing Party") concludes that it has been compelled, by subpoena or other form of judicial or other compulsory process, to disclose information or Protected Material other than those to whom disclosure is permitted in paragraph 4, the Disclosing Party shall as promptly as possible, and in any event at least fourteen days prior to the disclosure (or within a time frame that is reasonable under the circumstances if the return date of the subpoena or other process requires compliance in fewer than fourteen days), provide written notice, and include a copy of the subpoena or request, to counsel for the producing party of the Disclosing

Party's intention to disclose Protected Material. The purpose of this paragraph is to give the producing party an opportunity to object to the disclosure of such Protected Material pursuant to compulsory process. If the producing party seeks an order from a court or other authority precluding disclosure of Protected Material, the Disclosing Party shall not disclose such Protected Material until the court or other authority has ruled on the producing party's request, so long as the Disclosing Party does not violate any rule of the court or other authority with jurisdiction over the subpoena or document request by waiting for the court or other authority to rule on the producing party's motion. Notwithstanding any other provision of this Stipulated Protective Order, a party may disclose Protected Material in response to a request from a governmental or regulatory body, provided that the party that receives such a request shall give the producing party such notice of the request as is reasonable under the circumstances.

18. In the event that additional persons or entities become parties to this action, neither their outside counsel nor experts or consultants retained to assist said counsel shall have access to Protected Material produced by or obtained from any other producing party until said party has executed and filed with the Court a copy of this Stipulated Protective Order.

19. The terms of this Order shall be binding upon the parties after the conclusion of this litigation by dismissal, settlement, entry of final judgment or other means. The Court shall retain jurisdiction to enforce the terms of the Order and all persons subject to its terms expressly submit to the jurisdiction of the Court for purposes of such enforcement.

**IT IS SO ORDERED.**

January 11, 2016
Dated

United States Magistrate Judge

**Stipulated as to form and content:**

| | |
|---|---|
| THE HUSTEAD LAW FIRM, P.C. | KELLY & WALKER, LLC |
| By: *s/Connor Cantrell* | By: *s/Shannon M. Bell* |
| Patrick Q. Hustead, Esq. | Julie M. Walker, Esq. |
| Connor Cantrell, Esq. | Shannon M. Bell, Esq. |
| 4643 South Ulster Street, Suite 1250 | 1512 Larimer Street, Ste 200 |
| Denver, Colorado 80237 | Denver CO 80202 |
| pqh@thlf.com | Telephone: 720-236-1800 |
| clc@thlf.com | jwalker@kellywalkerlaw.com |
| | sbell@kellywalkerlaw.com |

*Attorneys for The Hartford Fire Insurance Company*

*Attorneys for TK Mining Services, LLC and affiliates; TK Construction, LLC d/b/a TK Mining Services, LLC; Big Sky, LLC; TK Diversified Services, LLC f/k/a Unlimited Manpower Solutions, LLC; TK Holdings LTD and all subsidiaries, including, but not limited to: (TK Industrial, LLC and TK Blasting, LLC)*

# EXHIBIT A

# CONSENT TO TERMS OF PROTECTIVE ORDER

I, _____, hereby acknowledge that (i) I have received a copy of the Stipulated Protective Order entered in the above-referenced case; (ii) I have reviewed the Stipulated Protective Order; and (iii) I consent and agree to abide by the terms and provisions contained therein.

Dated: _____, 2016

_____
Signature

_____
Name (Print)

_____
Title/Position